IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| HERBERT LEWIS, | 1:21-cr-231-TCB-CMS |
| Defendant. | |

## NON-FINAL REPORT AND RECOMMENDATION

Defendant Herbert Lewis has filed a motion to dismiss fourteen of the charges asserted against him in the Superseding Indictment—Counts 3, 4, 5, 6, 7, 64, 67, 71, 73, 75, 80, 82, 89, and 92 ("the Disputed Counts")—arguing that they are barred by the applicable statutes of limitations. [Doc. 217]. The Disputed Counts include five counts of wire fraud (alleged to have occurred in April, May, and October of 2016, Counts 3 through 7) and nine counts of aiding and assisting in the filing of false tax returns (alleged to have occurred in June, September, and October 2015, Counts 64, 67, 71, 73, 75, 80, 82, 89, and 92). [Doc. 28 ¶¶ 284, 295]. Lewis acknowledges that each of the charges asserted in the Disputed Counts was timely asserted in the Original Indictment, but he contends that by the time the Superseding Indictment was returned, the statutes of limitations had expired. The Government responds that

the timely filing of the Original Indictment tolled the statutes of limitations as to the Disputed Counts. [Doc. 281].

## I.     BACKGROUND

Lewis and the Government executed a tolling agreement that tolled the statute of limitations for all the charged offenses from February 26, 2021 through August 1, 2021.[1] [Doc. 217 at 2 n.1; Doc. 281 at 3]. On June 9, 2021, while the tolling agreement was still in effect, a grand jury in the Northern District of Georgia returned a 62-count Original Indictment against Lewis that included, among other things, a detailed description of a complex scheme to defraud the United States by impeding and obstructing the "ascertainment, computation, assessment, and collection" of income taxes. [Doc. 1, Original Indictment, ¶¶ 33–34].

According to the Original Indictment, Lewis worked as an accountant and tax return preparer who promoted and sold units in syndicated conservation easements ("SCEs") to his clients. [Doc. 1 ¶¶ 1, 4]. It alleged an elaborate tax-shelter scheme

---

[1] The parties agree that pursuant to the tolling agreement, the applicable statutes of limitations (five years for the wire fraud offenses under 18 U.S.C. § 3282 and six years for the tax offenses under 26 U.S.C. § 6531) were tolled until August 1, 2021. However, they provide different dates for when the agreement commenced, with Lewis stating that it commenced on March 1, 2021 [Doc. 217 at 2 n.1], and the Government stating that it commenced on February 26, 2021 [Doc. 281 at 3]. This disagreement is immaterial.

beginning "*in or around 2012*" involving fraudulently inflated valuations of SCEs that resulted in unwarranted tax deductions. [*Id.* ¶¶ 1, 34 (emphasis added)]. The Original Indictment alleged that Lewis promoted and sold units in the SCEs, that the SCEs were fraudulently designed and marketed, and that the conspiracy included illegal backdating of some of the documentation. [*Id.* ¶¶ 33, 36–39, 41, 53, and 66–68]. This alleged fraud, in turn, caused the preparation of false income tax returns. [*Id.* ¶¶ 40–41]. The Original Indictment alleged that Lewis obtained more than $1 million through his involvement in the illegal conspiracy and that in doing so, he committed multiple transactions that amounted to wire fraud. [*Id.* ¶ 42]. According to the Original Indictment, to conceal his receipt of income from the conspiracy, Lewis formed and caused to be formed multiple nominee entities and unlawfully reported income he earned through his children's tax returns to obtain a lower tax rate. [*Id.* ¶¶ 76–78]. In addition to the fraud alleged in the conspiracy count and the wire fraud counts, Lewis allegedly aided and assisted the filing of false tax returns when he fraudulently claimed the false charitable contribution deductions on his clients' tax returns, and he subscribed to false tax returns when he filed his own taxes and failed to fully report his own income derived from the conspiracy. [*Id.* ¶¶ 37, 78]. Of relevance to the instant motion to dismiss, the Original Indictment included wire fraud and tax counts that clearly correspond to the Disputed Counts in the

Superseding Indictment. [*See* Doc. 281 at 8–11 (charts comparing the Disputed Counts with the corresponding charges in the Original Indictment)].

The Original Indictment was superseded on February 24, 2022, to include 135 counts and to add six more defendants. [Doc. 28, Superseding Indictment]. As in the Original Indictment, Lewis is charged with conspiracy, wire fraud, aiding and assisting in the filing of false tax returns, and subscribing to false tax returns. The Original Indictment's Count 1 conspiracy charge (which alleged a conspiracy to defraud the United States by impeding and obstructing the "ascertainment, computation, assessment, and collection" of income taxes) focused solely on Lewis's conduct within the conspiracy; the Superseding Indictment's corresponding Count 1 includes additional details and overt acts of his newly added codefendants, and it expands the timeframe of the conspiracy to "***in or around 2002.***" [Doc. 28 ¶¶ 1–4 (emphasis added)].

Like the Original Indictment, the Superseding Indictment alleges that Lewis worked as an accountant and tax return preparer who promoted and sold units in SCEs to his clients and that the value of the SECs were fraudulently inflated, resulting in unwarranted tax deductions. [Doc. 28 ¶ 1]. The Superseding Indictment also alleges that Lewis promoted and sold units in the SCEs that were fraudulently designed and marketed, and that the conspiracy included illegal backdating of some

of the documentation. [*Id.* ¶ 41]. Like the Original Indictment, the Superseding Indictment alleges that this fraud, in turn, caused the preparation of false income tax returns. [*Id.*]. As with the Original Indictment, the Superseding Indictment alleges that Lewis obtained more than $1 million through his involvement in the illegal conspiracy, that Lewis utilized multiple nominee entities and unlawfully reported income he earned through his children's tax returns, that he aided and assisted the filing of false tax returns when he fraudulently claimed the false charitable contribution deductions on his clients' tax returns, and that he subscribed to false tax returns when he filed his own taxes and failed to fully report his own income derived from the conspiracy. [*Id.* ¶¶ 31, 42–44, 57–64, 73, 305–308].

As noted previously, each of the crimes alleged in the Disputed Counts was also asserted in a corresponding charge in the Original Indictment, which was returned before the statutes of limitations expired. As a consequence, the parties appear to agree that the specific wire-fraud charges and tax charges that are the subject of this motion were not time-barred when they were first asserted on the date the Original Indictment was returned. The Superseding Indictment, however, was filed after the expiration of the tolling agreement and after the expiration of the statutes of limitations, meaning that the Disputed Counts are barred unless the limitations periods were tolled by virtue of the Original Indictment.

## II.  DISCUSSION

Statutes of limitations serve to protect defendants from charges whose underlying facts may be obscured by the passage of time. *United States v. Ratcliff*, 245 F.3d 1246, 1252 (11th Cir. 2001).  The Eleventh Circuit has explained, however, that "[i]n certain circumstances, the filing of an indictment may serve to toll the statute of limitations for purposes of filing a superseding or new indictment after the limitations period has expired." *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990).  The key to determining whether a previously filed indictment serves to toll a statute of limitations is whether the accused is provided with adequate notice of the charges during the limitations period:

> Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.

*Id.* at 1283.  A superseding indictment brought after the statute of limitations has expired "is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." *Id.* at 1282 (citing cases); *see also United States v. Muteke*, 718 F. App'x 854, 856–57 (11th Cir. 2017); *Freeman v. United States*, 789 F. App'x 134, 137 (11th Cir. 2019) (citing *Italiano*, 894 F.2d at 1282).  "[I]n deciding whether the first

indictment tolled the limitations period, the crucial inquiry is whether approximately the same facts were used as the basis of both indictments." *Italiano*, 894 F.2d at 1285.  Here, the Original Indictment was still pending at the time the Superseding Indictment was returned, meaning that the only issue is whether the Superseding Indictment broadened or substantially amended the original charges so as to deny Lewis notice of the charges against which he must defend.

Lewis argues that the Superseding Indictment "broadened and substantially amended" the charges against him by expanding the length of the charged criminal conduct from a six-year period (October 2014 through March 2020, as alleged in the Original Indictment) to an eighteen-year period (2002 to 2020, as alleged in the Superseding Indictment).  [Doc. 217 at 6 (asking the Court to compare ¶ 33 of the Original Indictment with ¶ 36 of the Superseding Indictment)].  He focuses on the Superseding Indictment as a whole, arguing that by expanding the scope of the charged scheme backwards in time, the Government has unfairly prejudiced him, forcing him to answer for conduct that occurred almost twenty years ago, long outside the statute of limitations.  [*Id.* at 7].  Lewis states that because the Government's dramatic lengthening of the charged conspiracy and scheme broadens and substantially amends the overall scheme and because those facts were incorporated by reference into the Disputed Counts, the statutes of limitations should

7

not be tolled on these counts. [*Id.*]. Lewis argues that by incorporating the "entire 20-year scheme" into the Disputed Counts, the Government unfairly "broadens the charges in many substantive ways." [Doc. 288 at 3, 4]. Lewis does not make any argument specific to any one of the Disputed Counts, other than to point out that the paragraphs containing the Disputed Counts incorporate by reference the preceding paragraphs.

I note that Lewis focuses his arguments on the expansion of Count 1, the tax-fraud conspiracy charge—a count that he is not challenging in this motion.[2] With respect to the particular charges that he seeks to dismiss, there are no substantial changes between the old charges and the new ones. [*See* Doc. 281 at 8–11]. Rather, the Disputed Counts in the Superseding Indictment are virtually identical to the corresponding charges in the Original Indictment, describing the same wires and the same false items on the tax returns. For example, the wire fraud counts that Lewis challenges reference the electronic filing of multiple clients' Form 1040s with the IRS and an email to a client that occurred in 2016. [Doc. 28 ¶ 284]. Counts 8

---

[2] Count 1 in both the Original Indictment and the Superseding Indictment allege a conspiracy to defraud the United States in violation of 18 U.S.C. § 371, in the Northern District of Georgia and elsewhere, by impeding and obstructing the "ascertainment, computation, assessment, and collection" of income taxes. [Doc. 1 ¶¶ 33–34; Doc. 28 ¶¶ 36–37].

through 26, which Lewis does not challenge, reference the same actions – electronic filing of client Form 1040s and email correspondence regarding those filings – that occurred from 2017 to 2020. [*Id.*]. The only difference is the year in which the count was committed.

Counts challenged on statute of limitations grounds should be reviewed individually. *See United States v. Clarke*, No. 1:05-cr-371, 2007 WL 9655929, at *3 (N.D. Ga. Jan. 18, 2007). In this case, the wording used to set forth the disputed charges in the Original Indictment was sufficient to place Lewis on notice of the correlating charges against him set forth in the Disputed Counts of the Superseding Indictment. Even though the alleged scheme was broadened, Lewis's alleged role in that scheme was not, and nothing about the particular instances of illegal conduct alleged in the Disputed Counts was broadened or amended. Moreover, even though Count 1 of the Superseding Indictment includes additional conspirators and expanded conduct, the challenged wire-fraud counts and tax counts do not. The incorporated paragraphs provide context and background; they do not change the allegations as to Lewis's conduct. Because Lewis has been placed on notice of the charges against him and because the allegations are substantially the same in both indictments, the motion to dismiss should be denied. *See Muteke,* 718 F. App'x at

9

858 (affirming denial of a motion to dismiss where the crimes alleged in the superseding indictment were essentially unchanged from the original indictment).

### III. CONCLUSION

For these reasons, I **RECOMMEND** that Lewis's Motion to Dismiss [Doc. 217] be **DENIED**.

This 14th day of November, 2022.

Catherine M. Salinas
United States Magistrate Judge