IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACK FISHER; HERBERT LEWIS; YEKATERINA LOPUHINA; WALTER DOUGLAS ROBERTS, II; JAMES SINNOTT; VICTOR SMITH; and CLAY MICHAEL WEIBEL,<br><br>     Defendants. | CRIMINAL ACTION FILE<br><br>NO. 1:21-cr-231-TCB |

# O R D E R

This case comes before the Court on Magistrate Judge Catherine M. Salinas's non-final report and recommendation (the "R&R") [345], which recommends denying Defendant Herbert Lewis's motion [217] to dismiss fourteen charges in the superseding indictment as barred by the applicable statute of limitations. Lewis filed objections [383] to the R&R.

## I. Background

Lewis and six other Defendants face various tax-related charges in this Court. Defendants allegedly created illegal tax shelters whereby high-income taxpayers claimed unwarranted and inflated charitable-contribution tax deductions in connection with the donation of conservation easements.

On June 9, 2021, a grand jury returned a 62-count original indictment against Lewis for fraudulently inflating the valuation of syndicated conservation easements as a tax shelter tactic.

On February 24, 2022, a grand jury returned a 135-count first superseding indictment against seven Defendants (including Lewis). Relevant to this order, the superseding indictment contains corresponding wire fraud and false tax return counts to those in the original indictment.

On August 4, Lewis filed a motion to dismiss certain counts of the superseding indictment as barred by the applicable statute of limitations.[1]

The Government and Lewis had executed a tolling agreement that tolled the statutes of limitations for all charged offenses in the original indictment. However, Lewis argued that because the tolling agreement lapsed on August 1, 2021, the superseding indictment falls outside the statutes of limitations as to the wire fraud and false tax return counts notwithstanding the proper issuance of the original indictment.

The Government did not dispute that the statutes of limitations lapsed as to the wire fraud and false tax return charges against Lewis. Instead, the Government argued that the original indictment tolled the statute of limitations because it effectively gave him notice of the criminal charges also present in the superseding indictment.

On November 14, Judge Salinas issued an R&R that recommended denying Lewis's motion.

---

[1] Lewis seeks to dismiss counts of wire fraud (3, 4, 5, 6 & 7) and counts of aiding and assisting in the filing of false tax returns (64, 67, 71, 73, 75, 80, 82, 89 & 92).

On December 7, after an extension, Lewis filed timely objections to the R&R. The Government did not file a response.

## II.  Legal Standard

"A district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . or any matter that may dispose of a charge or defense." FED. R. CRIM. P. 59(b)(1). "Within 14 days after being served with a copy of the recommended disposition . . . a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CRIM. P. 59(b)(2).

"The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

## III. Analysis

Generally speaking, the Government cannot bring charges against an individual that fall beyond the relevant statute of limitations. This

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

"limit[s] exposure to criminal prosecution to a certain fixed period of time . . . ." *Toussie v. United States*, 397 U.S. 112, 114 (1970). Limiting prosecution to a certain amount of time protects defendants "from defending against overly state criminal charges." *United States v. Phillips*, 843 F.2d 438, 443 (11th Cir. 1988).

But the expiration of a statute of limitations does not end the analysis of whether prosecution is proper. That is because statutes of limitations are often tolled beyond their expiration. *Cf. Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (explaining that a tolled statute of limitations elongates the time period to bring an action "after the statutory time period has expired").

The tolling method at issue here is based on the relationship between the timely issued original indictment and the untimely issued superseding indictment. The Eleventh Circuit has recognized that "[i]n certain circumstances, the filing of an indictment may serve to toll the statute of limitations for purposes of filing a superseding or new indictment after the limitations period has expired." *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990).

6

The superseding indictment is valid notwithstanding an expired statute of limitations "so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." *Id.* (citations omitted).

The *Italiano* court further advised lower courts that the following should be considered when deciding whether the superseding indictment broadens or substantially amends the original indictment:

> Notice to the defendant is the central policy underlying the statutes of limitation. If the [factual] allegation[s] and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.

*Id.* at 1283 (citation omitted). *See also United States v. Ratcliff*, 245 F.3d 1246, 1252–53 (11th Cir. 2001) (reaffirming use of *Italiano* to decide whether a superseding indictment tolls a statute of limitations).

Lewis objects to the R&R because he believes that the superseding indictment unduly expanded the nature of the charges against him. He specifically takes issue with count one for

7

conspiracy in the superseding indictment, which is incorporated by reference into the wire fraud and false tax return counts he seeks to dismiss. His argument is that the conspiracy count expanded "the charged scheme backwards in time," which "prejudiced [him] in precisely the way the statute of limitations is intended to prevent." [383] at 6.

This Court will adopt the R&R and hold that the original indictment tolled the statutes of limitations as to the wire fraud and false tax return counts.

As a preliminary matter, it is important to note that Lewis does not contend that the original indictment and superseding indictment contain different charges regarding wire fraud and false tax returns. Indeed, as the magistrate judge noted, the charges in each indictment are "virtually identical" in nature. *See* [345] at 8. Thus, there is no contention (nor could there be so) that based on an individual reading of the charges at issue, the original indictment failed to toll the statutes of limitations.

Seen through this lens, the issue before the Court is quite narrow—whether new facts (and a broader time horizon) in the conspiracy count incorporated by reference throughout the rest of the superseding indictment substantially alters the counts at issue here.

To be sure, Lewis accurately points out that the conspiracy charge in the superseding indictment alleges a time horizon broader than the original indictment. He also notes that the conspiracy charge is incorporated by reference into the wire fraud and false tax return counts. *See* FED R. CRIM. P. 7(c)(1) ("A count may incorporate by reference an allegation made in another count.").

But a close reading of both indictments and Lewis's objections to the R&R fail to unearth any reason why the incorporated facts expand the counts at issue. There is no indication that the Government alleges illegal conduct different in the superseding indictment than alleged in the original indictment as to the wire fraud or false tax return counts. Rather,

9

as the R&R noted, "nothing about the particular instances of illegal conduct alleged in the Disputed Counts was broadened or amended." [345] at 9.

The superseding indictment's conspiracy charge does not change the analysis. The original indictment put Lewis "on notice of the charges against him" regarding wire fraud and false tax returns. *Id.* While he asks the Court to look at the superseding indictment as a whole, he still has to make some argument based on the individual counts at issue. And he does not. Indeed, his objections lack any specific explanation as to how the actual charges he seeks to dismiss contain different allegations than the original indictment.[3]

---

[3] This case is therefore different from a case heavily relied upon by Lewis— *United States v. Ratcliff*, 245 F.3d 1246 (11th Cir. 2001). In *Ratcliff*, the Eleventh Circuit found that a superseding indictment substantially altered two counts of conspiracy when it broadened the time horizon and included seven additional episodes of illegal conduct. Here, Lewis makes no argument about how the charges he seeks to dismiss were changed. His argument based on *Ratcliff* therefore lacks merit, and his argument instead fits within Eleventh Circuit precedent coming out the other way. *See, e.g.*, *United States v. Edwards*, 777 F.2d 644, 649 (11th Cir. 1985) ("Defendants contend that the superseding indictment is impermissible because it broadens and substantially amends the charges made in the original indictment. However, the superseding indictment realleged exactly the charges in . . . the original indictment." (citation omitted)).

The Government is allowed to put forth a superseding indictment with more information and charges. To be sure, the statutes of limitations applicable to charges in an original indictment will not be tolled when the Government substantially alters the nature of the charges at issue. But the mere expansion of an indictment's scope as it relates to a separate charge does not prevent tolling without clear alteration of the charges in question. Lewis's argument falls within the latter category, and the Court will accordingly overrule his objections to the R&R and deny his motion to dismiss.

## IV.   Conclusion

The Court has carefully reviewed the R&R and all objections thereto. Having done so, the Court finds no clear error in the portions of the R&R not objected to. *Macort*, 208 F. App'x at 784. Further, the Court finds that Magistrate Judge Salinas's factual and legal conclusions were correct and that Lewis's objections [383] do not have any merit. Therefore, the Court adopts as its Order the R&R [345].

Lewis's motion [217] to dismiss certain counts of the superseding indictment as barred by the statute of limitations is denied.

IT IS SO ORDERED this 22nd day of December, 2022.

_____
Timothy C. Batten, Sr.
Chief United States District Judge