IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACK FISHER,<br><br>    Defendant,<br><br>and<br><br>JENNIFER BUNTIN and MICHAEL BUNTIN,<br><br>    Third-Party Claimants. | CRIMINAL ACTION FILE<br><br>NO. 1:21-cr-231-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Catherine M. Salinas's non-final report and recommendation (the "R&R") [1005], which recommends dismissing all claims in third-party claimants Jennifer Buntin and Michael's Buntin's forfeiture petition other than their claim under 21 U.S.C. § 853(n)(6)(B) that they are bona fide purchasers for value of a house and SUV. The Buntins have filed

objections [1009] to a single finding in the R&R. The Government has filed a response [1017].

"A district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . or any matter that may dispose of a charge or defense." FED. R. CRIM. P. 59(b)(1). "Within 14 days after being served with a copy of the recommended disposition . . . a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CRIM. P. 59(b)(2).

"The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to

the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

The sole issue before the Court is a single finding within a footnote of the R&R, which explained that the Buntins cannot challenge the forfeiture itself by arguing that the Government should have forfeited only a quarter interest of the property at issue. As the R&R explained, such "arguments are outside the scope of ancillary proceedings, which exist 'to determine whether a third party has an

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

interest in the property that the defendant has already forfeited—not to relitigate the preliminary order's finding of forfeitability.'" [1005] at 9 n.4 (quoting *United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir. 2019)) (also citing FED. R. CRIM. P. 32.2).

In their objections, the Buntins again take issue with the preliminary order of forfeiture. They argue that this Court "never made any finding, nor could it have, that Jack Fisher was a 100% owner of the funds used to purchase the Home and SUV." [1009] at 3.

In response, the Government explains that this type of argument is "precisely the type of direct challenge to the Court's determination regarding forfeitability that is prohibited in the ancillary proceedings." [1017] at 2.

For the reasons explained in the R&R and by the Government, the Court will overrule the objections filed by the Buntins. As explained by the Eleventh Circuit,

> if the forfeited property really belongs to the third part[ies], [they] can prevail and recover [their] property during the ancillary proceeding whether there were defects in the criminal trial or the forfeiture process or not; and if the property does not belong to the third part[ies], such defects in the finding of forfeitability are no concern of [theirs].

4

*United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012) (quotation omitted).

The Court has carefully reviewed the R&R and all objections thereto. Having done so, the Court finds no clear error in the portions of the R&R not objected to. Further, the Court finds that Magistrate Judge Salinas's factual and legal conclusions were correct and that the objections [1009] filed by the Buntins do not have any merit. Therefore, the Court adopts as its Order the R&R [1005]. The Government's motion [828] to dismiss is granted in part and denied in part. The Clerk should submit this case back to the magistrate judge for further proceedings as to the § 853(n)(6)(B) claim.

IT IS SO ORDERED this 21st day of June, 2024.

_____
Timothy C. Batten, Sr.
Chief United States District Judge